1  BRIAN J. STRETCH (CSBN 163973)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
       U.S. Attorney's Office/Civil Division
5      150 Almaden Blvd., Suite 900
       San Jose, CA  95113
6      Telephone: (408) 535-5044
       Fax:  (408) 535-5081
7      Email: james.scharf@usdoj.gov

8  Attorneys for Defendant Eric Fanning
   Secretary of the United States Army
9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  DONALD SEAY,                        )  CASE NO. 15-CV-04064 LB
                                        )
14                 Plaintiff,           )  STIPULATION AND AGREEMENT OF
                                        )  COMPROMISE AND SETTLEMENT AND
15     v.                               )  [PROPOSED] ORDER
                                        )
16  ERIC FANNING, Secretary of the United )
    States Army,                        )
17                                      )
                   Defendant.           )
18                                      )
                                        )
19  _____  )

20      IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that

21  this action be settled and compromised on the following terms:

22      WHEREAS, on September 4, 2015, Plaintiff Donald Seay ("Plaintiff") sued Defendant John

23  McHugh, former Secretary of the United States Army ("Defendant"), for discrimination, retaliation, and

24  harassment under Title VII, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), related to his employment at the

25  United States Army Installation Management CMD, Directorate of Emergency Services, Law

26  Enforcement Branch, Camp Parks Police Department, in Dublin, California ("Department").

27      WHEREAS, on March 11, 2016, Defendant filed a partial motion to dismiss set for hearing on

28  July 21, 2016.

Stipulation and Agreement of Compromise and Settlement and [Proposed] Order
Case No. 15-CV-04064 LB
                                          1

WHEREAS, on May 26, 2016, the parties participated in a private mediation with Shirish Gupta of JAMS in San Jose.

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with the Department.

NOW, THEREFORE, in consideration of the mutual promises contained in this agreement, and other good and valuable consideration, receipt of which is hereby anticipated, the parties agree as follows:

1. Settlement Amount.  In full and final settlement of all claims related to Plaintiff's employment with the Department, Defendant shall pay Plaintiff and his attorneys a total sum of $125,000.00.  There shall be no withholding from this amount.  Plaintiff understands that this payment may be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS.  The Settlement Amount will be paid in two separate checks: $75,000.00 payable to Donald Seay and $50,000.00 payable to Benjamin Law Group, P.C.  Defense counsel will promptly request the settlement checks from the Judgment Fund after the Court issues its Order on this Stipulation and Agreement of Compromise and Settlement, and will promptly send the settlement checks via Federal Express to Mr. Benjamin after he receives them from the Judgment Fund.  Plaintiff has been informed that the Judgment Fund may take sixty (60) days or more to process to request for the settlement checks.  To facilitate the request for the settlement checks, Plaintiff's counsel will promptly provide defense counsel with his TIN and Plaintiff's SSN.

2. Release.  In consideration of the payment of the Settlement Amount and the other terms set forth in this agreement, Plaintiff hereby releases and forever discharges Defendant, the Department, Richard Chappell, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under Title VII, whether suspected or unsuspected, at law or in equity, known or unknown, which arise from or relate to Plaintiff's employment with the Department.

3. Attorneys' Fees.  The parties agree that the cash amount described in Paragraph 1, above, is in

exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement and any other form of legal or equitable recovery relating to his employment with the Department. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel or others at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with Plaintiff's employment with the Department, and any other EEO or administrative proceedings.

    4. Dismissal. In consideration of the payment of the Settlement Amount and the other terms of this agreement, Plaintiff hereby dismisses with prejudice all claims asserted in this action, or could have been asserted in this action. However, the parties stipulate that the Court may retain jurisdiction to enforce the terms of this agreement.

    5. Waiver of California Civil Code Section 1542. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of Defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

    6. Agreement as a Complete Defense. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this agreement.

    7. No Admission of Liability or Wrongdoing. This is a compromise settlement of disputed claims and demands, which settlement does not constitute an admission of liability or fault on the part of Plaintiff or Defendant, or any of Defendant's past and present officials, agents, employees, attorneys, or

insurers on account of the events described in Plaintiff's complaint in this action.

8. Tax Liability. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

9. Medical Liens. Plaintiff is solely responsible for satisfying any medical liens concerning any treatment he received related to the events described in Plaintiff's complaint in this action.

10. Construction. Each party hereby stipulates that they are fully aware of and understands all of the terms of this agreement and the legal consequences thereof. For purposes of construction, this agreement shall be deemed to have been drafted by all parties to this agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute. It is acknowledged that the parties hereto have mutually participated in the preparation of this agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

12. Severability. If any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. Integration. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement, including but not limited to Plaintiff's application for tenure. This agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. Authority. The signatories to this agreement have actual authority to bind the parties.

Agreement of Compromise and Settlement and [Proposed] Order after obtaining the necessary approvals. Defense counsel will keep Plaintiff's counsel updated regarding the status of the approval process.

16. Other Terms and Conditions.

IT IS SO STIPULATED:

DATED: May 26, 2016

_____
Donald Seay
Plaintiff

DATED: May 26, 2016

_____
Na'il Benjamin
Attorney for Plaintiff

DATED: May 26, 2016

_____
James A. Scharf
Assistant United States Attorney
Attorney for Defendant

Stipulation and Agreement of Compromise and Settlement and [~~Proposed~~] Order
Case No. 15-CV-04064 LB

5

[~~PROPOSED~~] ORDER

Pursuant to stipulation, it is hereby ordered that the parties shall proceed with the terms of this Stipulation and Agreement of Compromise and Settlement. All case management dates, including the July 21, 2016 hearing on Defendant's motion to dismiss and Case Management Conference, are hereby vacated. This case is hereby dismissed with prejudice pursuant to settlement, and the Clerk shall now close this file. However, by stipulation of the parties, the Court will retain jurisdiction to enforce the terms of the Stipulation and Agreement of Compromise and Settlement.

IT IS SO ORDERED.

Dated: May 31, 2016

HON. LAUREL BEELER
United States Magistrate Judge